UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>UNITED INTERNATIONAL HEALTH NET, INC.,<br><br>　　　　　　　　　　　　Debtor. | Case No.: 20-cv-425-WQH-AGS<br><br>**ORDER** |
| TRUSTEES OF THE TEAMSTERS MISCELLANEOUS SECURITY TRUST FUND,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED INTERNATIONAL HEALTH NET, INC., a California corporation,<br><br>　　　　　　　　　　　　Defendant. | |

HAYES, Judge:

　　The matter before the Court is the Motion to Withdraw Reference filed by Plaintiff Trustees of the Teamsters Miscellaneous Security Trust Fund. (ECF No. 1).

///

///

1

## I. BACKGROUND

The sole shareholder, chief executive officer, and chief financial officer of Defendant United International Health Net, Inc. ("UIHN") is non-party Celia Gloria Diaz. On August 9, 2019, debtor Diaz initiated a Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court"), assigned Bankruptcy Court Case No. 19-04778-CL-13 (the "Diaz Bankruptcy"). (Ex 3 to Request for Judicial Notice ("RJN"), ECF No. 1-2 at 66). On August 26, 2019, debtor Defendant UIHN initiated a Chapter 7 bankruptcy proceeding in the Bankruptcy Court, signed by Diaz on UIHN's behalf. (Bankr. Ct. Case No. 19-05056-MM7, Doc. No. 1).

On September 12, 2019, the Bankruptcy Court dismissed the UIHN bankruptcy proceeding without prejudice. (*Id.*, Doc. No. 12). On September 13, 2020, UIHN initiated another Chapter 7 bankruptcy proceeding in the Bankruptcy Court, signed by Diaz on UIHN's behalf, and assigned Bankruptcy Court Case No. 19-05509-MM7[1] (the "UIHN Bankruptcy"). (Bankr. Ct. Case No. 19-05509-CL7, Doc. No. 1).

On October 16, 2019, Plaintiff Trustees of the Teamsters Miscellaneous Security Trust Fund ("Trustees") filed claims in the Diaz Bankruptcy and the UIHN Bankruptcy. (Ex. 3-15 to RJN, ECF No. 1-2 at 76). On November 12, 2019, Trustees initiated an adversary proceeding in the Diaz Bankruptcy, assigned Bankruptcy Court Case No. 19-90135-CL, alleging claims for 1) violation of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1104(a), 1109(a); 2) violation of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1964(c); and 3) non-dischargeability for defalcation in fiduciary duty under 11 U.S.C. § 523(a)(4) (the "Diaz Adversary Proceeding"). (Ex. 2-5 to RJN, ECF No. 1-2 at 45).

---

[1] The UIHN Bankruptcy was subsequently reassigned Bankruptcy Court Case No. 19-05509-CL7. (Bankr. Ct. Case No. 19-05509-CL7, Doc. No. 33).

On November 22, 2019, Trustees initiated an adversary proceeding in the UIHN Bankruptcy, assigned Bankruptcy Court Case No. 19-90138-CL, alleging claims for 1) violation of fiduciary duties under ERISA, 29 U.S.C. §§ 1104(a), 1109(a); and 2) non-dischargeability for defalcation in fiduciary duty under 11 U.S.C. § 524(a)(4)[2] (the "UIHN Adversary Proceeding"). (Ex. 1-1 to RJN, ECF No. 1-2 at 8).

On December 5, 2019, Diaz filed an answer to the Diaz Adversary Proceeding complaint. (Ex. 2-11 to RJN, ECF No. 1-2 at 60). UIHN did not file a responsive pleading in the UIHN Adversary Proceeding. On January 13, 2020, the Bankruptcy Court entered UIHN's default. (Ex. 1-10 to RJN, ECF No. 1-2 at 36).

On January 15, 2020, the Bankruptcy Court dismissed the Diaz Bankruptcy. (Ex. 3-87 to RJN, ECF No. 1-2 at 81).

On February 10, 2020, Trustees filed a complaint in this Court against Diaz, assigned Case No. 3:20-cv-00249-WQH-AGS, alleging claims for violation of fiduciary duties under ERISA, 29 U.S.C. §§ 1104(a), 1109(a); and 2) violation of RICO, 18 U.S.C. §§ 1962(c) and 1964(c) (the "Diaz District Court Proceeding"). (Ex. 4 to RJN, ECF No. 1-2 at 82).

On March 6, 2020, Trustees filed a Motion to Withdraw Reference of the UIHN Adversary Proceeding, which the Bankruptcy Court Clerk referred to this Court. (ECF No. 1).

On April 3, 2020, the Bankruptcy Court closed the Diaz Adversary Proceeding. (Bankr. Ct. Case No. 19-90135-CL, Doc. No. 25).

On May 22, 2020, Trustees filed a Notice of Amendment, notifying the Court that it amended the complaint in the UIHN Adversary Proceeding to remove the claim for non-dischargeability and add a claim for constructive trust and declaratory relief re trust assets under 29 U.S.C. §§ 1109(a) and 11 U.S.C. § 541. (ECF No. 5).

---

[2] Trustees does not bring a RICO claim against UIHN. However, Trustees alleges in the related Diaz Adversary Proceeding that UIHN is part of the RICO enterprise.

20-cv-425-WQH-AGS

On June 17, 2020, the Court issued a Minute Order requiring UIHN to file any opposition to the Motion to Withdraw Reference on or before July 13, 2020, and requiring Trustees to file any reply on or before July 20, 2020. (ECF No. 6). UIHN did not file any opposition to the Motion to Withdraw Reference. On July 20, 2020, Trustees filed a Reply, stating that counsel for UIHN "has authorized [Trustees] to represent . . . that [UIHN] does not oppose this Motion." (ECF No. 7 at 3).

## II. ALLEGATIONS IN THE UIHN ADVERSARY PROCEEDING

Plaintiff Trustees is the trustee of the Teamsters Miscellaneous Security Trust Fund ("Trust Fund"), an employee benefit plan under ERISA. Defendant UIHN is "the administrator of a preferred provider organization (PPO) which administers hospital, medical, surgical and other health and welfare claims through a network of 'preferred providers' in Mexico . . . ." (Ex. 1-1 to RJN, ECF No. 1-2 at 10 ¶ 8).

In 1993, the Trust Fund entered into a "Participation Agreement" with UIHN to "make[ ] available medical benefits for participants and beneficiaries choosing to receive medical care in Mexico." (*Id.* at 12 ¶ 17). Under the terms of the Participation Agreement, UIHN was responsible for processing claims from preferred providers and submitting claims to the third-party administrator of the Trust Fund, Northwest Administrators, Inc. ("NWA"). "Upon receipt of the claims, NWA submitted payment to UIHN from Trust Fund assets." (*Id.* at 13 ¶ 19). UIHN was then required to deduct its fees and costs and disburse the remaining amount to the providers.

"Between January 1, 2016 and July 18, 2019, the Trust Fund made payments to UIHN totaling $670,282.23." (*Id.* at 14 ¶ 26). "UIHN did not pay all of the Benefit Payments to . . . providers, as required by the Participation Agreement." (*Id.* at 14 ¶ 27). The "sole shareholder, chief executive officer, secretary, and the chief financial officer of UIHN," Celia Gloria Diaz, diverted the Trust Fund benefit payments for her own use, instead of paying the providers. (*Id.* at 11 ¶ 14).

///

///

4

20-cv-425-WQH-AGS

## III. CONTENTIONS

Trustees contends that the UIHN Adversary Proceeding is subject to mandatory withdrawal of reference. Trustees contends that the claim for breach of fiduciary duties under ERISA is a non-core claim under 28 U.S.C. § 157(a)(2). Trustees contends that the claim for constructive trust and declaratory relief re trust assets requires consideration of ERISA and bankruptcy law, and federal non-bankruptcy law is "materially and substantially" involved in the claim. (ECF No. 5 at 5). Trustees contends that in the alternative the UIHN Adversary Proceeding is subject to permissive withdrawal of reference because non-core claims predominate. Trustees contends that there is good cause to withdraw the reference to the UIHN Adversary Proceeding because the Diaz District Court Action is already pending in this Court, the factual allegations in the Diaz District Court Action and the UIHN Adversary Proceeding are identical, and the legal claims are similar.

## IV. JUDICIAL NOTICE

Trustees requests that the Court take judicial notice of several documents filed in the UIHN Adversary Proceeding, the Diaz Adversary Proceeding, the Diaz Bankruptcy, and the Diaz District Court Action. (ECF No. 1-2 at 2-4). Under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). Matters of public record include court filings and pleadings in related litigation. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Trustees' request for judicial notice is granted. The Court further takes judicial notice of the entire record in the UIHN Adversary Proceeding, the Diaz Adversary Proceeding, the UIHN Bankruptcy, the Diaz Bankruptcy, the Diaz District Court Action, and the initial UIHN bankruptcy proceeding assigned Bankruptcy Court Case No. 19-05056-MM7.

///
///
///

## V. LEGAL STANDARD

District courts, rather than bankruptcy courts, have original jurisdiction over all bankruptcy matters. *See* 28 U.S.C. § 1334(b). However, district courts may refer all bankruptcy matters to a bankruptcy court. *See* 28 U.S.C. § 157(a). 28 U.S.C. § 157 provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The first sentence of § 157(d) provides a district court with permissive authority to withdraw the reference to a bankruptcy court for cause shown. *See Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id*. The second sentence of § 157(d) requires a district court to withdraw the reference to a bankruptcy court upon timely motion from any party where the case "require[es] material consideration of non-bankruptcy federal law." *Id.* "The burden of persuasion is on the party seeking withdrawal." *FTC v. First Alliance Mortg. Co. (In re First Alliance Mortg. Co.)*, 282 B.R. 894, 902 (C.D. Cal. 2001).

"[C]haracterization of the claims as core or non-core [under 28 U.S.C. § 157(b)] is useful" in considering whether to withdraw reference. *Hawaiian Airlines, Inc. v. Mesa Air Grp.*, 355 B.R. 214, 223 (D. Haw. 2006). Non-core proceedings are those which "do not depend on bankruptcy law for their existence and [ ] could proceed in another court . . . ." *Sec. Farms*, 124 F.3d at 1008.

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

## VI.   DISCUSSION

In this case, the primary claim in the UIHN Adversary Proceeding for violation of fiduciary duties under ERISA is a non-core claim. The second claim seeks to place a constructive trust on benefit payments, as found in an accounting sought in the ERISA claim. The second claim further seeks declaratory relief that the benefit payments are assets of the Trust Fund and not assets of any bankruptcy estate under 11 U.S.C. § 541. The UIHN Adversary Proceeding requires the Court to consider ERISA law and bankruptcy law, with ERISA issues predominating. The Court concludes that this case requires "material consideration of non-bankruptcy federal law" and is subject to mandatory withdrawal under 28 U.S.C. § 157(d). *Sec. Farms*, 124 F.3d at 1008; *see* 28 U.S.C. § 157(d).

In addition, the record does not reflect that either party has consented to the Bankruptcy Court's determination, order, and judgment on the ERISA claim. *See* 28 U.S.C. § 157(c)(2). "Inasmuch as the bankruptcy court's determinations on non-core matters are subject to review by the district court, unnecessary costs could be avoided by a single proceeding in the district court." *Sec. Farms*, 124 F.3d at 1009. An almost identical case against Diaz is pending in this Court. UIHM does not oppose the Motion to Withdraw Reference, and the ERISA claim predominates. *See id.* at 1008 ("In this case efficiency was enhanced by withdrawing the reference because non-core issues predominate"). The Court concludes that permissive withdrawal is also appropriate because the primary claim at issue is non-core, and "unnecessary costs could be avoided by a single proceeding in the district court." *Id.* at 1009.

## VII. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Withdraw Reference (ECF No. 1) is granted.

Dated: September 14, 2020

Hon. William Q. Hayes
United States District Court